IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

UNITED STATES OF AMERICA, )
)
     Plaintiff, )
)
     v. )
)
EDWIN H. ZIMMERMAN, in his personal )
capacity and as trustee of the Sunny Side )
Family Trust, the WEMER Trust, and the )
Hinkleville Holdings Trust )
465 East Farmersville Road, )
New Holland, Pennsylvania 17557, )
)
ESTHER ZIMMERMAN, in her personal )
capacity and as trustee of the Sunny Side )
Family Trust, the WEMER Trust, and the )
Hinkleville Holdings Trust )
465 East Farmersville Road, )
New Holland, Pennsylvania 17557, )     Case No. _____
)
WEMER FAMILY TRUST, )
465 East Farmersville Road, )
New Holland, Pennsylvania 17557, )
)
HINKLEVILLE HOLDINGS TRUST, )
465 East Farmersville Road, )
New Holland, Pennsylvania 17557, )
)
SUNNY SIDE FAMILY TRUST, )
465 East Farmersville Road, )
New Holland, Pennsylvania 17557, )
)
KEYSTONE CONCRETE PRODUCTS, INC.)
477 East Farmersville Road, )
New Holland, Pennsylvania 17557, )
)
PHILLIP WOLLMAN, )
37 Rosewood Drive, )
Brownstown, Pennsylvania 17508, )
)
DOUG MCCONKEY )
5424 South Luther Road, )
Newalla, Oklahoma 74857, )

THOMAS R. REEVE, in his capacity as )
successor to Reeve & Associates )
8303 American Way )
Denton, Texas )
)
HAROLD MILLER )
40170 SW Coast Creek Road )
Willamina, Oregon 97396, )
)
ERLA MAE SEIBEL )
445 Farmersville Rd )
New Holland, Pennsylvania 17557-9740 )
)
WILMER N. ZIMMERMAN )
1530 Lincoln Rd. )
Lititz, Pennsylvania 17543-7302445 )
)
LINDA GLICK )
339 Quarry Road 343 )
Leola, Pennsylvania 17540-9733 )
)
RUTH ANN BURKHOLDER )
900 Clearfield Dr )
Apt D2 )
New Holland, Pennsylvania 17557-1526 )
)
EDWIN N. ZIMMERMAN, Jr )
478 Farmersville Road )
New Holland, Pennsylvania 17557-9740 )
)
PENNSYLVANIA DEP'T OF REVENUE )
Office of Chief Counsel )
Tenth Floor )
Strawberry Square )
Harrisburg, Pennsylvania 17128 )
)
_____Defendants._____ )

## COMPLAINT FOR FEDERAL TAXES

This is a civil action in which the United States seeks (a) a judgment that Edwin H.

Zimmerman, Esther Zimmerman, and the WEMER Family Trust each are indebted to the

United States for various unpaid income taxes, interest and penalties assessed against them[1] and (b) to foreclose the corresponding federal tax liens against three parcels of real property located in Lancaster County, Pennsylvania. This action is commenced at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, and at the direction of the Attorney General, pursuant to 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred upon this Court by virtue of 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7403.

2. Venue is proper in this district under 28 U.S.C. § 1396 because the plaintiff resides, and the property at issue is situated, within the judicial district of this Court.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Edwin H. Zimmerman is a taxpayer who principally resides in the jurisdiction of this Court.

5. Defendant Esther Zimmerman is a taxpayer who principally resides in the jurisdiction of this Court.

6. Defendant WEMER Family Trust is a trust entity created on or about June 15, 1991.

---

[1] This case involves what are colloquially known as "whipsaw assessments." A whipsaw assessment is used when the subjects of the examination–here, Edwin Zimmerman, Esther Zimmerman, and the WEMER Family Trust–refuse to cooperate with the Service regarding the correct and agreed tax owed by each entity. The use of whipsaw assessments means that the tax may be assessed multiple times against separate entities, but the liability will only be collected once. This procedure is used to prevent taxpayers from "whipsawing" the IRS by each treating that transaction differently so as to minimize the amount of taxes that each pays.

    a.    On information and belief, Edwin H. Zimmerman and Esther Zimmerman serve as the trustees, and their five children (for whom the trust is named) are the beneficiaries of the WEMER Family Trust: Wilmer Zimmerman; Edwin Zimmerman, Jr.; Mervin Zimmerman; Erla Mae Siebel; and Ruth Ann Burkholder.

    b.    On information and belief, Edwin H. Zimmerman and Esther Zimmerman use the WEMER Family Trust to operate a business known as Farmersville Crane on or near the Real Property.

    c.    On information and belief, Edwin H. Zimmerman and Esther Zimmerman do not observe legal formalities associated with their purported role as the trustees of the WEMER Family Trust;

    d.    On information and belief, Edwin H. Zimmerman and Esther Zimmerman comingle their assets with the WEMER Family Trust, from which they withdraw funds to pay for their personal expenses;

    e.    On information and belief, the WEMER Trust is a mere façade for Edwin H. Zimmerman and Esther Zimmerman, and has no separate existence apart from them;

    f.    On information and belief, Edwin H. Zimmerman and Esther Zimmerman intermingle their personal assets with those of the WEMER Family Trust;

    g.    On information and belief, Edwin H. Zimmerman and Esther Zimmerman engage in transactions with the WEMER Family trust that are not at arm's length;

    h.    The creation of the WEMER Family Trust lacked economic substance.

4

        i.     The WEMER Family Trust was and at all relevant times has remained a sham entity, alter ego, or nominee of Edwin H. Zimmerman and Esther Zimmerman;

        j.     On information and belief, the WEMER Family Trust is undercapitalized to cover the debts of Edwin H. Zimmerman and Esther Zimmerman;

7.     Defendant Hinkleville Holdings trust may claim an interest in the real property at issue.

8.     Defendant Keystone Concrete Products, Inc. may claim an interest in the real property at issue, including by virtue of a lease agreement.

9.     Defendant Phillip Wollman may claim an interest in the real property at issue, including by virtue of easement(s) recorded against the property on or about December 6, 2013 and January 13, 2014 or thereafter.

10.     Defendant Pennsylvania Department of Revenue may claim an interest in the real property at issue.

11.     Defendant Doug McConkey may claim an interest in the real property at issue, including by virtue of a judgment against Edwin H. Zimmerman and that was recorded October 10, 1997.

12.     Defendant Reeve & Associates, Inc. may claim an interest in the property at issue, including by virtue of a judgment obtained against Edwin H. Zimmerman, individually and the WEMER Trust, which was recorded on February 20, 2002.

13.     Defendant Harold Miller may claim an interest in the real property at issue, including by virtue of a judgment obtained in 2008 against Edwin H. Zimmerman, which was recorded on or about March 11, 2011.

14.     Defendant Erla Mae Seibel may claim an interest in the real property at issue.

15.   Defendant Wilmer N. Zimmerman may claim an interest in the real property at issue.

16.   Defendant Linda Glick may claim an interest in the real property at issue.

17.   Defendant Ruth Ann Burkholder may claim an interest in the real property at issue.

18.   Defendant Edwin N. Zimmerman, Jr. may claim an interest in the real property at issue.

## PROPERTY AT ISSUE

19.   The three parcels of real property that are the subject matter of this action are located at and/or known as 465 and 478 East Farmersville Road in New Holland, Lancaster County, Pennsylvania (collectively, "the Real Property"), all of which are situated within the judicial district of this Court.

20.   The first parcel ("Parcel One") consists of approximately 6.688 acres and on information and belief, the parcel described in the preceding Paragraph is more commonly known as 465 East Farmersville Road.  Parcel One is associated with Tax Parcel 190-62227-0-0000.  Parcel One is described in greater detail in Exhibit A to the January 29, 2014 warranty deed that was recorded as document 6128745 on February 4, 2014, in Lancaster County as follows:

> ALL THAT CERTAIN tract of land with improvements thereon shown as Block A Lot 3 on a final plan of subdivision for Edwin H. Zimmerman, Dated December 20, 1978 and recorded in Subdivision Plan Book J-111, Page 34 in the Township of Earl, County of Lancaster and Commonwealth of Pennsylvania, bounded and described as follows:
>
> BEGINNING at a railroad spike in the intersection of East Farmersville Road (LR36030) and North Shirk Road (LR36115); thence in and along the center line of said North Shirk Road South twenty-four (24) degrees forty five (45) minutes twenty five (25) seconds [East], a distance of four hundred thirteen and sixty hundredths (413.60) feet to a railroad spike in the middle of Shirk Road; thence leaving North Shirk Road and crossing over an iron pin set on the west side of

said Shirk Road, being twenty (20) feet from the said corner in the middle of the road, South seventy-seven (77) degrees nineteen (19) minutes six (6) seconds West, a distance of nine hundred eleven and twenty-five hundredths (911.25) feet to an iron pin; thence North nineteen (19) degrees thirty-five (35) minutes five (5) seconds West a distance of two hundred ninety-five and four hundredths (295.04) feet to a railroad spike in the middle of East Farmersville Road, having crossed over an iron pin set in the South side of the said East Farmersville Road, being nineteen and thirty-eight hundredths (19.38) feet from the said railroad spike in the middle of the road; thence in and along the centerline of East Farmersville Road, North sixty-nine (69) degrees fifty-five (55) minutes forty-eight (48) seconds East, a distance of eight hundred sixty-seven and thirty nine hundredths (867.39) feet to a railroad spike, the point of BEGINNING.
CONTAINING two-hundred ninety-one thousand, three hundred twenty-eight and five hundred eighty four hundredths square feet (291,328.584).

BEING THE REMAINING PART OF TRACT #1 as described in a Quitclaim deed dated December 2, 2011 and recorded December 9, 2011 as Instrument No. 5967385 wherein Sunnyside Family Trust, as Grantor did remise, release and quitclaim on all of its right title, interest and claim in the said premises to Edwin H. Zimmerman as Grantee.

21.    The second parcel ("Parcel Two") consists of approximately 12 acres and on

information and belief is commonly known as 478 East Farmersville Road and is associated with

Tax Parcel 190-12506-0-0000. Parcel Two is described in greater detail in Exhibit A to the

warranty deed that was recorded as document 6128745 on February 4, 2014, in Lancaster

County as follows:

TRACT #2, BEGINNING at the Northeast corner thereof at a stone: thence by land now or late of Elam B. Nolt, South seventy three (73) degrees West, thirty one and eight tenths (31.8) perches to a cement post: thence by land now or late of Dan W. Burkholder, South thirteen (13) degrees East, sixty four and eight tenths (64.8) perches to an iron pin at the South side of a public road: thence in said road, by Tract #1; North sixty one and one half (61 1/2) degrees East, nine and [sic] .eight tenths (9.8) perches to a point in said road: and in said road, by land of the same, North sixty seven and one half (67 1/2) degrees East, twenty two (22) perches to a point in said road: thence leaving said road, by land of Edwin N. Zimmerman, North fourteen and one half (14 1/2) degrees West, forty seven and five tenths perches to a stone: thence by land now or late of Elam B. Nolt, North nine (9) degrees West, thirteen and eight tenths (13.8) perches to the place of BEGINNING. CONTAINING Twelve Acres (12 Acs.)

22.    The third parcel ("Parcel Three") consists of approximately 10 acres and on

information and belief is also commonly known as 478 East Farmersville Road. On information

7

and belief, Parcel Three is not associated with a single Tax Parcel number. This property is described in greater detail in Exhibit A to the warranty deed filed as document 6128745 in Lancaster County as follows:

> TRACT #3, BEGINNING at the southwest corner thereof, a stone in the public road, leading from Hinkletown to Farmersville, Also known as the Farmersville Road, a corner of land formerly of Elam B. Molt; thence extending along in said road by other land to be conveyed by Edwin N. Zimmerman to Edwin H. Zimmerman, North sixty-nine and one half (691/2) degrees East, twenty two and two hundredths (22.02) perches to a said road; thence leaving the road, by land retained by Edwin N. Zimmerman, North two (2) degrees and forty five (45) minutes West, six and six hundredths (6.06) perches to a stake; thence by the same, North fifty four (54) degrees and ten (10) minutes East, sixteen and thirty one hundredths (16.31) perches to an iron pin on line of land of David H. Sensenig; thence by said land of David H. Sensenig, North twenty four and one half (241/2) degrees West, thirty seven and thirty two hundredths (37.32) perches to a stone; thence by land now or late of Elam B. Nolt, South sixty nine and one half (691/2) degrees West, thirty one and eighty seven hundredths (31.87) perches to a stone; thence by the same, South twelve and one half (121/2) degrees East, forty eight and two hundredths (48.02) perches to the place of BEGINNING. CONTAINING Ten Acres and Forty One and Six Tenths Perches (10 Ac. 41.6 Pchs.)

### History of Actual or Purported Conveyances of the Real Property at Issue

23.     On or about July 30, 1968, Edwin N. Zimmerman and Lydia S. Zimmerman conveyed real property, including Parcels One, Two, and Three, to their son and daughter-in-law: Edwin H. Zimmerman and Esther Zimmerman (respectively).

24.     On information and belief, Edwin H. Zimmerman and Esther Zimmerman paid $50,000 as consideration for the property.

25.     On or about July 31, 1984, Edwin H. Zimmerman and Esther Zimmerman executed a warranty deed purporting to convey the Real Property to Wilmer N. Zimmerman. According to the warranty deed filed on August 10, 1984, the consideration purportedly paid was "2,000 Troy Ounces .999 Fine Silver."

26.     On information and belief, Wilmer N. Zimmerman did not actually pay adequate consideration to Edwin H. Zimmerman or Esther Zimmermann for the Real Property.

27.    On or about August 12, 1991, Wilmer N. Zimmerman purportedly quitclaimed the Real Property to Linda Glick. According to the deed filed October 16, 1991, the consideration paid was "One Dollar and Other Valuable Considerations [sic]."

28.    Also on or about August 12, 1991, Linda Glick quitclaimed the Real Property to Sunny Side Family Trust. According to the deed filed October 16, 1991, the consideration purportedly paid was "200 Units of Beneficial Interest in the Sunny Side Family Trust."

29.    On or about December 2, 2011, the Sunny Side Family Trust made a gift of the Real Property to Edwin H. Zimmerman.

30.    On or about January 29, 2014, Edwin H. Zimmerman and Esther N. Zimmerman executed a warranty deed purporting to convey the Real Property to "Edwin H. Zimmerman single individual as Co-Trustee of Hinkleville Holdings . . . and Esther N. Zimmerman, Mervin N. Zimmerman, Edwin N Zimmerman Jr., Wilmer N. Zimmerman, Erla Mae Seibel, and Ruth Ann Burkholder, single individuals as Co-Trustees of the Hinkleville Holdings trust." According deed recorded on or about February 4, 2014, the consideration purportedly paid was ten dollars "and other good and sufficient consideration." On information and belief, this was not adequate consideration for the transfer of the Real Property.

## COUNT I: REDUCE TAX ASSESSMENTS AGAINST EDWIN H. ZIMMERMAN TO JUDGMENT

31.    The allegations of Paragraphs 1 through 30, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

32.    On or about February 23, 2009, a delegate of the Secretary of the Treasury properly and timely made assessments against Edwin H. Zimmerman for unpaid federal income tax, penalties, and interest, relating to the 2002, 2003, 2004, and 2005 tax years. The tax years to which they relate, and the amounts assessed are set forth as follows:

| TAX TYPE | TAX YEAR | AMOUNT ASSESSED | AMOUNT OWED AS OF OCTOBER 3, 2018 |
|---|---|---|---|
| Income (Form 1040) | 2002 | $126,881 | $262,943.48 |
| Income (Form 1040) | 2003 | $201,405 | $554,844.17 |
| Income (Form1040) | 2004 | $258,048 | $683,074.03 |
| Income (Form 1040) | 2005 | $278,848 | $701,290.11 |
| | | **TOTAL** | **$2,202,151.79** |

33.     The Service gave Edwin H. Zimmerman proper notice and demand for payment of the tax assessments described above.

34.     Statutory additions, penalties, interest, and costs have accrued and will continue to accrue on the unpaid balances of the tax assessments described above.

35.     Edwin H. Zimmerman has refused or failed to pay the full amount owed as a result of the tax assessments described above.

36.     As of October 3, 2018, Edwin H. Zimmerman was indebted to the United States in the total amount of $2,202,151.79 with respect to the tax assessments described above in Paragraph 32.

## COUNT II: REDUCE TAX ASSESSMENTS AGAINST ESTHER ZIMMERMAN TO JUDGMENT

37.     The allegations of Paragraphs 1 through 36, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

38.     On or about February 23, 2009, a delegate of the Secretary of the Treasury properly and timely made assessments against Esther Zimmerman for her unpaid federal income tax, penalties, and interest, relating to the 2002, 2003, 2004, and 2005 tax years.  The dates of the assessments, the tax years to which they relate, and the amounts assessed are set forth as follows:

| TAX TYPE | TAX YEAR | AMOUNT ASSESSED | AMOUNT OWED AS OF OCTOBER 3, 2018 |
|---|---|---|---|
| Income (Form 1040) | 2002 | $126,881 | $364,936.48 |
| Income (Form 1040) | 2003 | $225,486 | $621,183.27 |
| Income (Form 1040) | 2004 | $331,431 | $877,309.58 |
| Income (Form 1040) | 2005 | $348,789 | $877,109.42 |
| | | **TOTAL** | **$2,375,602.27** |

39.     The Service gave Esther Zimmerman proper notice and demand for payment of the tax assessments described above.

40.     Statutory additions, penalties, interest, and costs have accrued and will continue to accrue on the unpaid balances of the tax assessments described above.

41.     Esther Zimmerman has refused or failed to pay the full amount owed as a result of the tax assessments described above.

42.     As of October 3, 2018, Esther Zimmerman was indebted to the United States in the total amount of $2,375,602.27 with respect to the tax assessments described above in Paragraph 38.

## COUNT III: REDUCE TAX ASSESSMENTS AGAINST WEMER FAMILY TRUST TO JUDGMENT

43.     The allegations of Paragraphs 1 through 42, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

44.     On or about February 23, 2009, a delegate of the Secretary of the Treasury properly and timely made assessments against the WEMER Family Trust for unpaid federal income tax, penalties, and interest, relating to the 2002, 2003, 2004, and 2005 tax years. The dates of the assessments, the tax years to which they relate, and the amounts assessed are set forth as follows:

11

| TAX TYPE | TAX YEAR | AMOUNT ASSESSED | AMOUNT OWED AS OF OCTOBER 3, 2018 |
|---|---|---|---|
| Income (Form 1040) | 2002 | $141,993 | $403,980.34 |
| Income (Form 1040) | 2003 | $238,691 | $643,390.45 |
| Income (Form 1040) | 2004 | $350,336 | $917,077.98 |
| Income (Form 1040) | 2005 | $210,132 | $520,866.99 |
| | | TOTAL | $2,485,315.76 |

45.     The Service gave the WEMER Family Trust proper notice and demand for payment of the tax assessments described above.

46.     Statutory additions, penalties, interest, and costs have accrued and will continue to accrue on the unpaid balances of the tax assessments described above.

47.     The WEMER Family Trust has refused or failed to pay the full amount owed as a result of the tax assessments described above.

48.     As of October 3, 2018, the WEMER Family Trust was indebted to the United States in the total amount of $2,485,315.76 with respect to the tax assessments described above in Paragraph 44.

## COUNT IV: FORECLOSE FEDERAL TAX LIENS AGAINST REAL PROPERTY CURRENTLY TITLED IN THE NAME OF HINKLEVILLE HOLDINGS

49.     The allegations of Paragraphs 1 through 48, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

### Federal Tax Liens attach to Edwin H. Zimmerman and Esther Zimmerman's Property and Rights to Property

50.     By virtue of the tax assessments described above, tax liens in favor of the United States arose on the dates of the tax assessments, and attached to all property and rights to property then owned or thereafter acquired by Edwin H. Zimmerman and/or Esther Zimmerman.

12

51.    On or about June 24, 2009, the IRS filed a notice of federal tax liens with the Prothonotary of the Lancaster County Court of Common Pleas in Lancaster, Pennsylvania ("the Prothonotary") regarding the assessments against Esther Zimmerman described in Paragraph 38.

52.    On or about July 27, 2009, the IRS filed a notice of federal tax liens with the Prothonotary regarding the assessments against Edwin H. Zimmerman described in Paragraph 32.

53.    On or about December 22, 2010, the IRS filed two notices of federal tax liens against Sunny Side Family Trust with the Prothonotary of the Lancaster County Court of Common Pleas in Lancaster, Pennsylvania ("the Prothonotary"). One of the notices was against Sunny Side Family Trust as a nominee and/or alter ego of Edwin H. Zimmerman regarding the assessments described in Paragraph 32. The other notice was against Sunny Side Family Trust as a nominee and/or alter ego of Esther Zimmerman regarding the assessments described in Paragraph 38.

54.    By virtue of the notice of nominee liens described in Paragraph 53, above, all subsequent transfers by Sunny Side Family Trust of Edwin H. Zimmerman's interest in the Real Property were made subject to the federal tax liens, including the December 2, 2011 gift from Sunny Side Family Trust to Edwin H. Zimmerman and the January 29, 2014 conveyance to Hinkleville Holdings Trust.

55.    By virtue of the notice of nominee liens described in Paragraph 53, above, all subsequent transfers by Sunny Side Family Trust of Esther Zimmerman's interest in the Real Property were made subject to the federal tax liens, including the December 2, 2011 gift from Sunny Side Family Trust to Edwin H. Zimmerman and the January 29, 2014 conveyance to Hinkleville Holdings Trust.

### Hinkleville Holdings Trust is the Nominee of Edwin H. Zimmerman and Esther Zimmerman

56.     Since 1968, and continuing without interruption through all times relevant to this complaint, Edwin H. Zimmerman and Esther Zimmerman have enjoyed the use and exercised active and substantial control of the Real Property.

57.     Notwithstanding the purported transfer of the Real Property to the Hinkleville Holdings Family Trust, Edwin and Esther Zimmerman continue to exercise dominion and/or control over the Real Property.

58.     Notwithstanding the purported transfers of the Real Property to the Hinkleville Holdings Family Trust, Edwin and Esther Zimmerman continued to reside at the Real Property.

59.     Edwin H. Zimmerman was or remains a trustee of Hinkleville Holdings.

60.     Edwin H. and/or Esther Zimmerman own or control Daylight Holdings, LLC and KC Leasing, LLC.

61.     Edwin H. Zimmerman and/or Esther Zimmerman have used entities, including Daylight holdings, LLC and KC Leasing, LLC, to pay state or local property and school taxes.

62.     On information and belief, Edwin H. Zimmerman and/or Esther Zimmerman continue to expend their personal funds (or funds to which they have constructive possession through entities that they control) to maintain the Real Property.

63.     As a consequence, Hinkleville Holdings holds nominal title to the property on behalf of the Taxpayer, and the federal tax liens are and remain attached to the Real Property.

64.     By reason of the foregoing, the federal tax liens may be foreclosed and the Real Property sold.

### 1984 Fraudulent Transfer to Wilmer Zimmerman

65.     In the alternative, on information and belief, the purported conveyance by Esther and Edwin H. Zimmerman of the Real Property to Wilmer Zimmerman on or about July 31,

14

1984 was made for inadequate consideration and with the intent to hinder, delay, and defraud their creditors, including the United States, of Edwin H. Zimmerman and Esther Zimmerman. Accordingly, the conveyance should be set aside as a fraudulent transfer and, as a consequence, all federal tax liens, which arise upon assessment pursuant to I.R.C. § 6321, attach to the property and rights to property (including the Real Property) of Edwin H. and Esther Zimmerman.

66.    By reason of the foregoing, the federal tax liens may be foreclosed and the Real Property sold.

### 2014 Fraudulent Transfer to Hinkleville Holdings Trust

67.    In the alternative, on information and belief, the purported conveyance of the Real Property by Edwin H. Zimmerman and Esther Zimmerman to Hinkleville Holdings on January 29, 2014 was made for inadequate consideration and with the intent to hinder, delay, and defraud their creditors, including the United States, of Edwin H. Zimmerman and Esther Zimmerman. Accordingly, the conveyance should be set aside as a fraudulent transfer and, as a consequence, all federal tax liens, which arise upon assessment pursuant to I.R.C. § 6321, attach to the property and rights to property (including the Real Property) of Edwin H. and Esther Zimmerman.

68.    By reason of the foregoing, the federal tax liens may be foreclosed and the Real Property sold to satisfy the unpaid federal tax liabilities of the defendants.

WHEREFORE, plaintiff requests that the Court:

A.    As to Count I, enter judgment in favor of the United States and against Edwin H. Zimmerman in the amount of $2,202,151.79 as of October 3, 2018, plus statutory additions, interest and costs that have accrued since that date and will continue to accrue according to law until fully paid.

B.      As to Count II, enter judgment in favor of the United States and against Esther Zimmerman in the amount of $2,375,602.27 as of October 3, 2018, plus statutory additions, interest and costs that have accrued since that date and will continue to accrue according to law until fully paid.

C.      As to Count III, enter judgment in favor of the United States and against WEMER Family Trust in the amount of $2,485,315.76 as of October 3, 2018, plus statutory additions, interest and costs that have accrued since that date and will continue to accrue according to law until fully paid.

D.      As to Count IV:

   i.   Determine that Sunny Side Family Trust was the nominee of Edwin H. Zimmerman and Esther Zimmerman as of December 22, 2010, and thus held bare legal title to the Real Property; and that Edwin H. Zimmerman and Esther Zimmerman have at all times been the true and equitable owners of the Real Property; and decree that all transfers of the Real Property subsequent to December 22, 2010 were and remain subject to the United States' valid and subsisting federal tax liens;

   ii.  In the alternative, determine that Hinkleville Holdings trust, as the nominee of Edwin H. Zimmerman and Esther Zimmerman, holds bare legal title to the Real Property and that Edwin H. Zimmerman and Esther Zimmerman are the true and equitable owners of the Real Property; and decree that the United States has valid and subsisting liens against the Real Property;

   iii. In the alternative, determine that the 1984 conveyance of the Real Property from Edwin H. Zimmerman and Esther Zimmerman to Wilmer Zimmerman was fraudulent as to the United States and should be set aside;

16

and decree that the United States has valid and subsisting liens against the Real Property by virtue of the federal tax liens filed against Edwin H. Zimmerman and Esther Zimmerman on July 27, 2009 and June 24, 2009, respectively;

iv.  In the alternative, determine that the 2014 conveyance of the Real Property from Edwin H. Zimmerman and Esther Zimmerman to Hinkleville Holdings Trust was fraudulent as to the United States and should be set aside; and decree that the United States has valid and subsisting liens against the Real Property by virtue of the federal tax liens filed against Edwin H. Zimmerman, Esther Zimmerman, and Sunny Side Family Trust on July 27, 2009; June 24, 2009; and December 22, 2010, respectively;

E.   Order that the federal tax liens attached to the Real Property be foreclosed and that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to Edwin H. Zimmerman and Esther Zimmerman's interest be paid to the United States and applied against their tax liabilities; and

F.   Award the United States such further relief that the Court deems appropriate, including the costs of prosecuting this action.

/

/

/

/

/

17

DATE: November 6, 2018

WILLIAM M. MCSWAIN
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RICHARD J. HAGERMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-616-9832 (v)
202-514-6866 (f)
Richard.J.Hagerman@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Edwin H. Zimmerman; Esther Zimmerman; WEMER Family Trust; Hinkleville Holdings Trust; Sunny Side Family Trust; Keystone Concrete Products, Inc.; Philip Wollman; Doug McConkey; Thomas Reeve; Harold Miller; Erla Mae Siebel; Wilmer Zimmerman, Linda Gick, Ruth Ann. Burkholder, Edwin N. Zimmerman Jr. Pennsylvania Department of Revenue

**(b)** County of Residence of First Listed Plaintiff _____

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lancaster

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard J. Hagerman, U.S. Department of Justice, PO Box 227 Washington, DC 20044; 202-616-9832;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7401 and 7403

Brief description of cause:
Collect unpaid federal taxes and foreclose on federal tax liens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
2,485,315.76

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/06/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: U.S. Dep't of Justice, Tax Division, Ben Franklin Station, P.O. Box 227 Washington, DC 20044

Address of Defendant: Edwin H. Zimmerman, 465 East Farmersville Road, New Holland, Pennsylvania 17557

Place of Accident, Incident or Transaction: _____ New Holland, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/06/2018 _____   Attorney-at-Law / Pro Se Plaintiff   NY 511 3303   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
　　(Please specify) _____ Federal Taxes _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, RICHARD HAGERMAN _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 11/06/2018 _____   Attorney-at-Law / Pro Se Plaintiff   NY 511 3303   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: U.S. Dep't of Justice, Tax Division, Ben Franklin Station, P.O. Box 227 Washington, DC 20044

Address of Defendant: Edwin H. Zimmerman, 465 East Farmersville Road, New Holland, Pennsylvania 17557

Place of Accident, Incident or Transaction: _____ New Holland, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/06/2018 _____ _(signature)_ _____  NY  511 3303

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
　　 *(Please specify)* _____ Federal Taxes _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　 *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, RICHARD HACERMAN _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 11/06/2018 _____ _(signature)_ _____  NY 5113303

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| United States of America | : | CIVIL ACTION |
| v. | : | |
| Edwin H. Zimmerman et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (•)

| | | |
|---|---|---|
| 11/6/2018 | Richard J. Hagerman | United States |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 202-616-9832 | 202-307-6426 | richard.j.hagerman@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02