**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:18-cv-04875-JMG |
| | : | |
| EDWIN H. ZIMMERMAN, *et al.,* | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                              **February 2, 2022**

## I.    OVERVIEW

The United States has brought this action to collect unpaid taxes, interest and penalties from Edwin H. Zimmerman, Esther Zimmerman, and the WEMER Family Trust (the "Zimmermans") and to foreclose upon tax liens against their property. The United States now moves for summary judgment. The Zimmermans concede that they did not pay taxes and that the Internal Revenue Service's assessment of their tax liability is substantively correct. But the Zimmermans argue that the Freedom of Information Act ("FOIA") publication requirements and the Tax Code's requirement that suits to collect taxes be authorized by the Treasury Secretary and Attorney General absolve the Zimmermans of liability.

The Zimmermans waived the defenses they now seek to raise, so the Court must grant the United States' motion for summary judgment.

## II.   FACTUAL & PROCEDURAL BACKGROUND

The parties agree about all the material facts in this case. The Zimmermans failed to file federal income tax returns or pay federal income taxes from 2002 to 2005. Accordingly, the Internal Revenue Service prepared substitutes for the Zimmermans' returns. The Treasury

Secretary's delegate then assessed income taxes against the Zimmermans, and the Service sent notice and demand for payment to The Zimmermans. Despite the Service's demands, the Zimmermans failed to pay their taxes, and statutory additions, interest and costs have continued to accumulate against them. As of April 13, 2021, Defendant Edwin H. Zimmerman owed $ 2,301,436.18, Defendant Esther Zimmerman owed $ 3,076,286.64, and Defendant WEMER Family Trust owed $ 2,775,885.88.

When the Zimmermans failed to pay their tax assessment as demanded, tax liens attached to their property. The Service filed notices of federal tax liens against the Zimmermans in the appropriate county prothonotary.

The United States brought this lawsuit to reduce its tax assessments against the Zimmermans to judgments and to foreclose upon the Zimmermans' property. During discovery, in an attempt to resolve then-pending discovery disputes, the parties entered a Stipulated Order that the Court approved. In the Order, the Zimmermans stipulated that, if the Court concludes the United States is entitled to a judgment for the unpaid balances of the Service's tax assessments, then the United States will also be entitled to an order:

1. finding that the federal tax liens arose at the time of the assessments;

2. finding that such liens attached to all of the Zimmermans' property;

3. finding that Defendants Edwin and Esther Zimmerman are the true and equitable owners of 100% of such property;

4. authorizing the United States to foreclose upon and sell the property; and

5. ordering that the net proceeds of such a sale be paid to the United States until the unpaid balance of the judgments arising from the tax assessments are fully satisfied. *See* Stipulated Order ¶ 8 (ECF No. 90).

2

The Zimmermans also stipulated that they "waive any and all defenses" to the United States' claims except for the following defenses:

1. that the Service's Form 4340 (Certificates of Assessments and Payments) and Literal Transcripts are insufficient to establish the government's prima facie case;

2. that the Service's tax assessments were procedurally invalid because an assessment officer did not sign any assessment document as required by 26 C.F.R. § 301.6203-1; and

3. that the Service's income tax assessments were procedurally invalid because the Service did not provide adequate notice of assessment as required by 26 U.S.C. § 6303. *See* Stipulated Order, ¶¶ 7, 8.

The parties proceeded to complete discovery in accordance with the Stipulated Order. The United States then filed the motion for summary judgment that is now before the Court.

## III.   LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020). And a fact is material if "it might affect the outcome of the suit under governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party moving for summary judgment must "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must then "designate specific facts showing that there is a

genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252).

## IV.   ANALYSIS

The Zimmermans do not dispute any of the United States' facts. Instead, the Zimmermans raise two legal arguments for the first time.

First, the Zimmermans argue the United States lacked authority to bring this suit. The Internal Revenue Code provides that "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the actions be commenced." 26 U.S.C. § 7401. The Zimmermans argue the United States has failed to produce evidence demonstrating that this suit was authorized by the Treasury Secretary and directed by the Attorney General.

Second, the Zimmermans argue they cannot be held liable for certain penalties because the Treasury Department did not publish the location of its district offices in the Federal Register. FOIA requires federal agencies to publish in the Federal Register "descriptions of . . . the established places at which . . . the public may . . . make submittals" to those agencies. 5 U.S.C. § 552(a)(1)(A). If an agency fails to publish this information, "a person may not in any manner be . . . adversely affected by" the information that was not published unless the person had "actual and timely notice" of the information. *Id.* at § 552(a)(1). The Internal Revenue Code generally provides that tax returns should be filed and taxes should be paid "in the internal revenue district" in which the taxpayer resides. 26 U.S.C. §§ 6091(b)(1)(A)(i), 6151(a). The

Zimmermans argue that they could not know where to file their returns and pay their taxes because the Service did not comply with FOIA's publication requirements and, as a result, FOIA immunizes the Zimmermans from liability.

But the Court cannot address the merits of these arguments because the Zimmermans waived them. A party commits waiver when it intentionally relinquishes a known legal right. *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017). Here, to resolve an impasse in discovery, the parties entered a Stipulated Order in which the Zimmermans expressly agreed to "waive any and all defenses . . . except for" three specific defenses. Stipulated Order ¶¶ 7, 8. The Zimmermans signed this stipulation and submitted it to the Court, so there is no question that this stipulation constitutes an intentional relinquishment of rights. And the defenses the Zimmermans now raise certainly fall within the scope of their waiver. The three defenses the Zimmermans reserved in their stipulation were premised on (1) the sufficiency of the United States' prima facie evidence, (2) the Service's compliance with 26 C.F.R. § 301.6203-1 in completing the Zimmermans' tax assessments, and (3) the Service's compliance with the notice requirements under 26 U.S.C. § 6303. *Id.* The defenses the Zimmermans now raise—which are premised on 26 U.S.C. § 7401's delegation requirement and 5 U.S.C. § 552's publication requirement—bear no relation to any of those three reserved defenses. Accordingly, the Zimmermans' defenses have been waived, and the Court cannot consider their merits.[1]

---

[1] Although the Court does not address the merits of the Zimmermans' defenses, the Court notes that the Tenth Circuit has roundly rejected the Zimmermans' defense under 5 U.S.C. § 552. *See Lonsdale v. United States*, 919 F.2d 1440, 1447 (10th Cir. 1990) (finding the defense "utterly meritless"). And the declarations the United States attached to its reply brief that describe how this suit was authorized and directed would likely defeat the Zimmermans' defense under 26 U.S.C. § 7401. *See* Decl. Kathleen Raup (ECF No. 98-1); Decl. James J. Wilkinson (ECF No. 98-2).

It would be particularly unfair to consider the Zimmermans' new defenses at this stage because the United States has been deprived of an opportunity to discover or produce the evidence that would overcome these defenses. *See Clews v. Cty. of Schuylkill*, 12 F.4th 353, 358 (3d Cir. 2021) (noting that "affirmative defenses may be raised at any time . . . so long as the plaintiff suffers no prejudice" in its ability to "rebut the defense" or "alter their litigation strategy") (internal brackets omitted). Specifically, the Zimmermans' defense that the Service failed to publish its office locations in the Federal Register would be defeated by a showing that the Zimmermans had actual notice of where to submit their tax returns and payments. 5 U.S.C. § 552(a). Not only did the Zimmermans fail to raise this defense in any version of their Answer, depriving the United States of an opportunity to develop evidence on actual notice earlier in discovery, but also the Zimmermans waived these defenses to further narrow the scope of discovery in an attempt to delay and potentially avoid their own depositions. *See* Stipulated Order ¶ 10. It would be patently unfair for the Court to consider these defenses now after the United States has been deprived of any opportunity to develop evidence addressing them.

The undisputed facts entitle the United States to judgment as a matter of law. The Service's tax assessments are entitled to a presumption of correctness and establish a prima facie case of tax liability. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The United States has produced the Service's tax assessments, and the Zimmermans have not produced any evidence rebutting their validity, so the Court must enter judgment in the United States' favor as to the Zimmermans' tax liability. The Zimmermans have also stipulated that, if the tax assessments are valid, then the United States is entitled to foreclose upon the Zimmermans' property. Stipulated Order ¶ 8. Accordingly, the Court must enter judgment foreclosing upon the Zimmermans' property.

V.      **CONCLUSION**

The United States seeks to collect taxes that the Zimmermans have owed and refused to pay for over two decades. This litigation itself has been pending for over three years. Although the Zimmermans have not admitted the United States' allegations that they moved their property among family members and trusts through sham transactions to insulate the property from their tax liabilities, the Zimmermans at least now concede that they are the property's true owners. The Zimmermans' new defenses, raised after waiver and in the eleventh hour, present no reason for the Court to further delay the United States from recovering the taxes it is owed.

Because the Zimmermans have not disputed a single material fact nor identified a cognizable defense, and because the undisputed facts entitle the United States to judgment as a matter of law, the Court grants the United States' motion for summary judgment.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge