IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERCA** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:18-cv-04875-JMG |
| | : | |
| **EDWIN H. ZIMMERMAN**, as personal | : | |
| Representative for the Estate of Esther M. | : | |
| Zimmerman, | : | |
| Defendant. | : | |

MEMORANDUM OPINION

Gallagher, J.                                                                                              May 14, 2025

### I.    INTRODUCTION

In this long-running tax case, the United States ("the Government") moves for default judgment against Defendant Edwin H. Zimmerman ("Mr. Zimmerman"), in his capacity as personal representative for the Estate of Esther M. Zimmerman ("Mrs. Zimmerman"). Following Mrs. Zimmerman's death, her surviving husband was appointed by this Court to be the personal representative of her estate. Mr. Zimmerman was served with the Second Amended Complaint ("SAC"), and he has failed to plead or respond. The Court will grant the Government's Motion and enter Default Judgment.

### II.    FACTUAL & PROCEDURAL BACKGROUND

The inception of this case dates back to November of 2018 when the Government filed its Complaint. *See* ECF No. 1. The Complaint named sixteen Defendants including the WEMER Family Trust, the Sunny Side Family Trust, the Hinkleville Holdings Trust, Edwin H. Zimmerman, and Esther Zimmerman. *Id.* Both Mr. and Mrs. Zimmerman were sued in their personal capacity

and as trustees of the WEMER Trust, the Sunnyside Family Trust, and the Hinkleville Holdings Trust. *Id.*

The Government claimed that Mr. Zimmerman, Mrs. Zimmerman, and the WEMER Trust owed money in unpaid taxes, penalties, and interest, for the 2002, 2003, 2004, and 2005 tax years. In Count I, the Government alleged that Mr. Zimmerman owed $2,202,151.79 as of October 3, 2018. *See id.* at ¶ 32. In Count II, the Government alleged that Mrs. Zimmerman owed $2,375,602.27 as of October 3, 2018. *See id.* at ¶ 38. In Count III, the Government alleged the WEMER Trust owed $2,485,315.76 as of October 3, 2018. *See id.* at ¶ 44. The Government plead that the case involved "whipsaw assessments" where "the tax may be assessed multiple times against separate entities, but the liability will only be collected once." *Id.* at n.1. The Government uses whipsaw assessments "to prevent taxpayers from 'whipsawing' the IRS by each treating that transaction differently so as to minimize the amount of taxes that each pays." *Id.* Mr. and Mrs. Zimmerman were served on December 8, 2018. See ECF Nos. 11 & 12.

On April 20, 2019, Mr. & Mrs. Zimmerman and the WEMER Trust filed a Motion to Quash Summonses and Dismiss the Complaint. *See* ECF No. 30. This Motion was denied by Judge Gerald J. Pappert on August 15, 2019, *see* ECF No. 42. Mr. & Mrs. Zimmerman and the WEMAR Trust's Answer, *see* ECF No. 29, was deemed filed on August 15, 2019, following the denial of that Motion. *See* ECF No. 42.

On March 2, 2020, the case was transferred to this Court's jurisdiction. *See* ECF No. 66. The Court permitted Plaintiff to amend and correct the Complaint on April 10, 2020. *See* ECF No. 67; *see also* Plaintiff's Amended Complaint at ECF No. 68. Following briefing, *see* ECF Nos. 94, 97 & 98, the Court granted the Government's Motion for Summary Judgment. *See* ECF Nos. 104 & 105. Judgment was entered in favor of the Government and against Mr. Edwin H. Zimmerman

in the amount of $2,301,436.18 as of April 13, 2021, plus accruing statutory additions and interest. *See* ECF No. 105 at ¶ 2. Judgment was entered in favor of the Government and against Mrs. Esther Zimmerman in the amount of $3,076,286.64 as of April 13, 2021, plus accruing statutory additions and interest. *See id.* at ¶ 3. Judgment was entered in favor of the Government and against the WEMER Family Trust in the amount of $2,775,884.88 as of April 13, 2021, plus accruing statutory additions and interest. *See id.* at ¶ 4.[1]

Further, the Court entered federal tax liens on all of Mr. & Mrs. Zimmerman's property and their rights to property. *See id.* at ¶ 5. The Court identified three parcels located in New Holland, Lancaster County, Pennsylvania, *see id.* at ¶ 6, and foreclosed the liens attached to that real property. *See id.* at ¶ 7. The Court entered an Order of Sale on March 18, 2022. *See* ECF No. 114. This Order was subsequently vacated, as entered prematurely, on March 21, 2022. *See* ECF No. 116. An Order of Sale was entered again on May 10, 2022. *See* ECF No. 137. Following sale of the property, the Court entered an Order that directed the Clerk of Court to distribute the funds obtained from the sale. *See* ECF No. 156. The Government indicated on August 30, 2023, that the judgment against Mr. Edwin H Zimmerman had been satisfied in full. *See* ECF No. 165.

On March 8, 2022, the Court received a Notice of Death of Esther Zimmerman. *See* ECF No. 111. On July 18, 2022, the Court granted the Government's Motion to Appoint Personal Representative for the Estate of Esther Zimmerman and to Substitute Defendant. *See* ECF No. 150. The Court "appoint[ed] a personal representative for Mrs. Zimmerman's Estate for the limited purpose of defending against the Government's claims." *See id.* at ¶ 2. The Court provided a list of eligible personal representatives in an order or priority—Mr. Zimmerman (as Mrs.

---

[1] For the Court's memorandum opinion on the Government's Motion for Summary Judgment, see *United States v. Zimmerman*, 2022 WL 309432 (E.D. Pa. Feb. 2, 2022), *aff'd*, 2023 WL 2882696 (3d Cir. 2023).

3

Zimmerman's surviving spouse), Mrs. Zimmerman's five adult children, a representative of the United States (as creditor of Mrs. Zimmerman), and any other person. *See id.* at ¶ 3. The Court ordered that the Government serve each individual in turn. *See id.* at ¶ 4. The Government moved to appoint Mr. Zimmerman as personal representative. *See* ECF No. 166. The Government served each of the named individuals, *see* ECF Nos. 152, 158, 160, 161, 162, & 163, and none of the individuals "responded in any way whatsoever." *See* ECF No. 166-1 at 2.

The Court granted the Government's Motion and appointed Edwin H. Zimmerman as personal representative for the Estate of Esther M. Zimmerman for the sole purpose of defendant against this litigation. *See* ECF No. 167. Further, the Court directed the Government to file a SAC naming Mr. Zimmerman as a defendant in his representative capacity and to serve him. *See id.* Mr. Zimmerman was served with the Second Amended Complaint (ECF No. 168) on October 27, 2023. *See* ECF No. 171.

Over a year later, on December 5, 2024, the Government moved for an entry of default against Mr. Zimmerman in his representative capacity. *See* ECF No. 172. The Clerk entered default for failure to plead or otherwise respond to the SAC on December 10, 2024. *See* ECF No. 174. The instant Motion for Default Judgment was filed on March 20, 2025. ECF No. 175. Mr. Zimmerman has not answered the SAC, nor has he responded in opposition to the Motion for Default Judgment.

### III.   STANDARD OF REVIEW

A district court may "enter default judgment against a party when a default has been entered by the Clerk of Court." *Am. W. Home Ins. Co. v. Salamander Stucco, LLC*, No. 5:21-cv-03490, 2022 WL 2240036, at *2 (E.D. Pa. June 22, 2022) (citing Fed. R. Civ. P. 55(b)(2)). The decision to enter a default judgment is "left primarily to the discretion of the district court." *United States*

*v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Before granting a default judgment motion, the court must confirm (1) that it has personal and subject-matter jurisdiction, (2) that service of process was proper, and (3) that "the complaint establishes a legitimate cause of action against the defendant." *Rios v. Marv Loves 1*, No. 13-cv-1619, 2015 WL 5161314, at *8 (E.D. Pa. Sept. 2, 2015).

Further, the Third Circuit has instructed district courts to consider the following factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether [the] defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 165 (3d Cir. 2000).

## IV. ANALYSIS

### a. Jurisdiction

The Court must have both personal and subject-matter jurisdiction over the case. *See Pipeline Med., LLC v. Panajoti Consulting, LLC*, Civ. A. No. 22-2714, 2024 WL 3024879, at *2 (D.N.J. June 17, 2024) ("Before entering default judgment, the court must make a 'threshold determination' of whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties." (quoting *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015))). This Court has both. First, the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1331 (granting the Article III courts "federal question" jurisdiction); *id.* § 1340 (granting jurisdiction over cases involving internal revenue); 26 U.S.C. § 7402 (providing that the district courts have jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws").

The Court also has general, personal jurisdiction over Mr. Zimmerman. *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 n.2 (D.N.J. 2016) ("For an individual, the main bases for general jurisdiction are the person's state of domicile or service of process on the individual in the forum state." (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Burnham v. Sup. Court of Cal., Cnty. of Marin*, 495 U.S. 604, 610 (1990))). Mr. Zimmerman was served in Pennsylvania. *See* ECF No. 171; *see also* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").

### b. Service of Process

Next, the Government's SAC was properly served on Mr. Zimmerman. In its September 14, 2023, Order (ECF No. 167), this Court directed the Government to serve Mr. Zimmerman with (1) its Amended Motion to Appoint Edwin H. Zimmerman as Personal Representative for the Estate of Esther Zimmerman and to Substitute Defendant (ECF No. 166), (2) the Court Order Granting the Amended Motion to Appoint (ECF No. 167), the SAC (ECF No. 168), and Summons (ECF No. 170). *See* ECF No. 167 at 2. An affidavit of service executed by Laurene M. Williams indicates that Mr. Zimmerman was personally served at 465 East Farmersville Road, New Holland, Pennsylvania, on November 2, 2023. *See* ECF No. 171. This method of service comports with the Rules. *See* Fed. R. Civ. P. 4(e)(2)(A) (providing that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally.").

### c. Legitimate Cause of Action in the Complaint

The Government must set forth a legitimate cause of action in its SAC to be entitled to an entry of default judgment. *See Gutowski*, 644 F. Supp. 3d at 138 ("Before entering a default

judgment, this court should ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (citation omitted)).

In the Government's SAC it claims "unpaid income taxes, interest and penalties assessed against the late Mrs. Zimmerman." ECF No. 168 at 1. The Government pleads that Mrs. Zimmerman "refused or failed to pay the full amount owed as a result of the tax assessments" from the 2002, 2003, 2004, and 2005 tax years. *See* ECF No. 168 ¶¶ 6, 9. Although Mrs. Zimmerman died on January 22, 2022, the Government pleads that her tax liabilities survive her. *See id.* at ¶¶ 9-10. Although her tax liabilities were partially satisfied, *see id.* at ¶ 12, her Estate "is indebted to the United States in the total amount of $442,305.76." *Id.* at ¶ 14. The Government requested that the Court "enter judgment in favor of the United States and against Edwin H. Zimmerman, as the Personal Representative for the Estate of Esther Zimmerman, in the amount of $442,305.76 as of October 31, 2023, plus statutory additions, interest and costs that will continue to accrue according to law until fully paid" and "Award the United States such further relief that the Court deems appropriate, including the costs of prosecuting this action." *Id.* at ¶¶ A-B.

The Court finds that the SAC sets forth a valid claim to recover unpaid taxes from Mrs. Zimmerman's estate. The Government's SAC refines the claims from its previous complaints to reflect the action against Mrs. Zimmerman's Estate following her death. Further, the law recognizes that Mrs. Zimmerman's tax liabilities survive her death. *See*, *e.g.*, *Reiserer v. United States*, 479 F.3d 1160, 1162-64 (9th Cir. 2007) (finding that tax actions from the IRS are civil in nature, and thus survive the death of a party); *United States v. Dudley*, No. 1:12CV127, 2014 WL 7507242, at *4 n.1 (E.D. Mo. Nov. 18, 2014) ("Income tax assessments survive death.")

### d. Servicemembers Civil Relief Act

Under the Servicemembers Civil Relief Act, a plaintiff seeking a default judgment must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(b)(1)(B); *see also House v. Smith*, No. 2:18-cv-04283, 2020 WL 5118047, at *2 (E.D. Pa. Aug. 31, 2020) ("The affidavit must set forth facts, not merely conclusions, relating to the military service of the defendant. The affidavit must also contain information regarding the efforts exerted to determine the defendant's military status."(quoting *Countrywide Home Loans, Inc. v. Barr*, No. 3:CV-08-00389, 2008 WL 4748202, at *1 (M.D. Pa. July 10, 2008)) (internal quotation marks omitted)). This affidavit requirement "may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." *Id.* § 3931(b)(4).

The Government submitted the Declaration of William J. Harrington. *See* ECF No. 175-2. Attached to his declaration is a status report from the Department of Defense Manpower Data Center ("DoDMDC") bearing the Certificate ID: HYDSF03RJYH26CG. *See id.* The report indicates that the database shows no record of Mr. Zimmerman being a current or past servicemember. *Id.* The search was run using Mr. Zimmerman's name and social security number. The Government has adequately satisfied the statutory requirements of the Servicemembers Civil Relief Act.

### e. The *Chamberlain* Factors

#### i. Prejudice to the Defendant

The first factor the Court examines is prejudice to the Defendant. "[T]he length of delay does not determine the prejudice issue. Rather, the inquiry turns on whether the delay has impeded Plaintiff's ability to bring [its] case." *Rios*, 2015 WL 5161314, at *5. This litigation has been

pending for almost seven years. The Government succeeded on its summary judgment motion, and that ruling was affirmed on appeal. *See United States v. Zimmerman*, 2022 WL 309432 (E.D. Pa. Feb. 2, 2022), *aff'd*, 2023 WL 2882696 (3d Cir. 2023). The Government is now seeking entry of default judgment to recover over $400,000 from the Estate of Esther Zimmerman. The Government is prejudiced by Mr. Zimmerman's failure to respond in his capacity as personal representative of Mrs. Zimmerman's Estate, because it is unable to "vindicate its rights." *See Salamander Stucco*, 2022 WL 2240036, at *4. The Government is prejudiced as it is unable to move this case forward due to Mr. Zimmerman's failure to respond to the Second Amended Complaint. *See Gutowksi*, 644 F. Supp. 3d at 140 (finding the prejudice factor to be satisfied where plaintiff "would be prejudiced if the court denie[d] the motion [for default judgment]."). Denying the Government's Motion would constitute prejudice as it would hinder its ability to collect on the unpaid taxes.

### ii. Litigable Defense

Next, the Court assesses whether Mr. Zimmerman "appears to have a litigable defense." *Chamberlain*, 210 F.3d at 165. Courts look to a defendant's answer to see whether the allegations "'if established on trial would constitute a complete defense to the action.'" *Salamander Stucco*, 2022 WL 2240036, at *2 (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

When a complaint goes unanswered, the Court may assume that a defendant has no litigable defense. *See Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 140 (E.D. Pa. 2022) ("[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense, because it is not the court's responsibility to research the law and construct the parties' arguments

9

for them."). Without an answer to plead otherwise, the Court will assume Mr. Zimmerman has no litigable defense to the Government's Second Amended Complaint.[2]

### iii. Culpable Conduct

The final factor considers whether Mr. Zimmerman's failure to respond "is due to culpable conduct," or "conduct that is 'taken willfully or in bad faith.'" *Chamberlain*, 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983)). Some courts have determined that "a defendant's failure to appear and defend can, in itself, constitute culpable conduct." *Gutowski*, 644 F. Supp. 3d at 140. There are facts in the record here that go beyond the mere failure to respond and thus weigh in favor of a finding of culpability regardless of whether a failure to respond, in itself, is sufficient. Mr. Zimmerman was personally served with the Second Amended Complaint, *see* ECF No. 171, and the Motion for Default Judgement was sent to him via postal and electronic mail. *See* ECF No. 175 at 2; *see also Gutowski*, 644 F. Supp. 3d at 141 (finding no evidence that defendant's failure to act was "anything other than deliberate action, which would constitute culpable conduct" in case where (1) defendant was personally served with the complaint and (2) the motion for default judgment was mailed to the defendant).

Moreover, this litigation has been pending for nearly seven years. Mr. Zimmerman has previously participated in the litigation. The Court finds that his failure to participate at this stage demonstrates culpability. Accordingly, each of the three *Chamberlain* factors weighs in favor of entering a default judgment.

---

[2] It is true that Mr. Zimmerman has, in the course of this litigation, filed answers to the Government's previous complaints. *See* ECF Nos. 24 & 29. However, even if the court were to find that the defenses raised in those pleadings applied to this Second Amended Complaint, they are no longer litigable, as they were summarily rejected and deemed waived by the court in its previous orders on Motion for Summary Judgment. *See United States v. Zimmerman*, 2022 WL 309432, at *3, *aff'd*, 2023 WL 2882696 (3d Cir. 2023).

## V.     CONCLUSION

Upon consideration of the relevant law, the Court finds that default judgment is proper here. The Government has satisfied the necessary requirements for an entry of default judgment, and the *Chamberlain* factors counsel in favor of this entrance. The Court grants the Government's Motion for Default Judgment against Mr. Zimmerman, as Personal Representative for the Estate of Esther M. Zimmerman, in the amount $444,837, as of March 31, 2025, plus statutory interest under 26 U.S.C. 6621, penalties, and additions to tax that have accrued and will continue to accrue from March 31, 2025.[3] An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] The Court relies on the Declaration of Revenue Officer Advisor Rita Dalton and supporting documentation in ordering this amount. *See* ECF No. 175-3.